IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDREW JOHN GIBSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 4:19-CV-438-P |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## OPINION and ORDER

This case was filed by Bureau of Prisons ("BOP") inmate/plaintiff Andrew John Gibson ("Gibson") initially asserting claims against Eric Wilson, Warden, FMC-Fort Worth, Dr. Lili Meisany, FMC-Fort Worth, and the United States. Although Gibson's claims against Wilson and Meisamy were dismissed by a prior order and Rule 54(b) judgment, his claims against the United States remain pending.[1] Now pending is a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by defendant United States ("USA") (ECF No. 15), a response and a supplemental response filed by Gibson (ECF Nos. 17 and 23), and the USA's reply (ECF No. 24). After considering the relief sought by Gibson, the pleadings, record, briefing and applicable law, the Court finds that the motion to dismiss must be **GRANTED**.[2]

---

[1] See Order and Judgment entered June 24, 2019, ECF Nos. 9 and 10. The Court addresses this resolution further *infra*.

[2] Gibson previously filed an interlocutory notice of appeal on June 28, 2020. ECF No. 29. The Court issued an order staying and administratively closing the case pending the resolution of that appeal. ECF No. 30. As the mandate of the court of appeals was entered on the docket on February 10, 2021, this case should be reopened on the docket.

## I.  BACKGROUND

### A.  Overview

Gibson is currently serving a term of imprisonment at the Federal Correctional Institution in Big Spring, Texas (FCI-Big Spring). His remaining claims against the United States arise from an alleged failure by BOP officials to provide appropriate prescription medications to treat depression and post-traumatic stress disorder while he was housed at the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth), before his transfer to FCI-Big Spring.

### B.  History/Pleadings

#### 1.  Original Complaint.

Plaintiff Gibson filed his original complaint in the instant case on May 31, 2019. Compl., ECF No. 1. He named FMC-Fort Worth psychiatrist Dr. Meisamy, FMC Fort Worth Warden Eric D. Wilson, and the United States as Defendants. *Id.* at 3-4. Gibson asserted claims that FMC-Fort Worth psychiatrist Lili Meisamy was deliberately indifferent to his serious medical needs because she discontinued prescriptions for Wellbutrin and Topamax, medications he had been prescribed for several years to treat depression and post-traumatic stress disorder (PTSD). *Id.* at 5. Gibson did not assert any specific claims against Warden Wilson or the United States. He sought resumption of Wellbutrin and an "award [of] $500,000 for mental anguish." *Id.*[3]

---

[3] On May 7, 2019, prior to filing the civil complaint to initiate this case, Gibson had filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Pet. 1, *Gibson v. Wilson*, 4:19-CV-381-O (N.D. Tex. May 7, 2019), ECF No. 1. In the § 2241 petition, he also asserted

By order dated June 4, 2019, the court before which the complaint was then pending[4] advised Gibson of its intent to dismiss Warden Wilson because Gibson alleged no facts to support a claim against Warden Wilson under *Bivens v.Six Unknown Named Agents of the Federal Bureau of Narcotic Bivens*, 403 U.S. 388 (1971) ("*Bivens*"), and because he had not shown he had exhausted his administrative remedies prerequisite to filing a claim against the United States pursuant to the Federal Tort Claims Act (FTCA). Order, ECF No. 7. The court also noted that Gibson's claims against Dr. Meisamy appeared to amount to Gibson's disagreement with his medical treatment, which is insufficient to establish deliberate indifference. *Id.* at 2. The court afforded Plaintiff the opportunity to cure these defects by filing an amended complaint. *Id*.

  2. <u>Amended Complaint</u>.

Plaintiff timely filed an amended complaint on June 21, 2019, and that amended complaint is the live pleading in this case. Am. Compl., ECF No. 8. In it, Gibson alleges he had been diagnosed with depression, anxiety, PTSD, and Asperger's Syndrome in or before 2013, and also had been admitted to a mental health hospital in 2013. *Id.* at 1. Gibson claims

---

claims against Dr. Meisamy for deliberate indifference to his serious medical needs. *Id.* at 7. The next day, the court before which Gibson's § 2241 petition was pending *sua sponte* dismissed the petition for lack of subject matter jurisdiction, construing the petition as asserting claims under the Eighth Amendment and dismissing such claims as not cognizable in a habeas corpus proceeding. Opinion and Order; Final Judgment, *Gibson v. Wilson*, 4:19-CV-381-O (N.D. Tex. May 8, 2019), ECF Nos. 4, 5. This separate civil suit followed.

[4]The instant case was originally assigned to the "A" docket of Judge John H. McBryde. In accordance with Special Order 3-329, the case was transferred to this the "P" docket of the undersigned district judge. Special Order 3-329 (N.D. Tex. Aug. 8, 2019).

he was then prescribed Wellbutrin for depression, Xanax for anxiety, and Topamax for PTSD. *Id*. He alleges his Xanax prescription was subsequently discontinued at a Corrections Corporation of America ("CCA") facility, but his Wellbutrin and Topamax prescriptions continued until he arrived at FMC-Fort Worth, where Dr. Meisamy then discontinued Wellbutrin and Topamax. *Id.* Gibson alleges that this amounts to deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *Id*. at 1-2. Gibson also recited that he had filed an administrative claim under the FTCA, for which he received no response. *Id.* at 2. For relief, Gibson seeks that the Court "Please restore Wellbutrin for depression and award $500,000 for medical damages; or Please restore all pretrial meds and $500,000 for medical damages." *Id*. at 3.

On June 24, 2019, the court before which this case was then pending dismissed Gibson's claims under *Bivens* against Warden Wilson and Dr. Meisamy pursuant to 28 U.S.C. § 1915A, but permitted Gibson to obtain service of process of his FTCA claim against the United States. Order and Rule 54(b) Judgment, ECF Nos. 9 and 10. The United States was properly served on July 15, 2019, and then filed the pending motion to dismiss Gibson's remaining claims.

## II.   DEFENDANT USA's MOTION TO DISMISS

### A.   Law Applicable to Motions under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires dismissal when a federal district court does not have the right to exercise its limited jurisdiction over the subject matter presented in the complaint. "Federal courts must resolve questions of jurisdiction before

proceeding to the merits." *Ashford v. United States*, 463 F. App'x 387, 391-92 (5th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 283 & n. 6 (5th Cir. 2011), and *Jasper v. FEMA*, 414 F. App'x 649, 651 (5th Cir. 2011)). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. This is the first principle of federal jurisdiction." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (quotation and citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). The Court may consider matters outside the pleadings and attachments thereto in resolving a motion for lack of subject-matter jurisdiction under Rule 12(b)(1). *See Vinzant v. United States*, No. 2:06-cv-10561, 2010 WL 1857277, at *3 (E.D. La. May 7, 2010) (FTCA case) (citing *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009)); *see also Allen v. Schafer,* No.4:08-cv-120-SA-DAS, 2009 WL 2245220, at *2 (N.D. Miss. July 27, 2009) ("It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts") (citing *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986)).

  **B.** **Analysis**

    1. <u>The United States has not waived sovereign immunity for constitutional claims.</u>

The order dismissing the defendants named in their individual capacity ostensibly obviated Gibson's Eighth Amendment claims. To the extent Plaintiff's claims alleging

violations of his Eighth Amendment rights might be deemed to have survived the order of June 24, 2019, as explained below, such claims are barred by the sovereign immunity of the United States.

The United States is absolutely immune from suit except to the extent that the United States has expressly waived that immunity. *Black v. North Dakota ex rel. Bd. of Univ. & School Lands*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."). This waiver cannot be implied, but must be unequivocally expressed. *United States v. King*, 395 U.S. 1, 4 (1969) (citing *Sherwood*); *Koehler v. United States*, 153 F.3d 263, 265 (5th Cir. 1998) (citing *King*).

The United States has not waived sovereign immunity for claims alleging constitutional violations. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *Brown v. United States*, 653 F.2d 196, 199 (5th Cir. 1981) ("*Bivens* also recognized, however, that the United States did not become vicariously liable for the constitutional torts of its officials, reaffirming the accepted doctrine that the United States has not waived its sovereign immunity from such actions."). Thus, to the extent Gibson retained claims under the Eighth Amendment against the United States, he has failed to meet his burden of establishing subject matter jurisdiction with regard to any constitutional claims against the United States. Any such claims are therefore dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

2. <u>The United States has not waived sovereign immunity under the FTCA for claims seeking injunctive or other non-monetary relief.</u>

Gibson's claims against the United States are premised on the FTCA, 28 U.S.C. §§ 1346(b) & 2671, et seq. The amended complaint, however, also includes a demand for the restoration of certain medications. Am. Compl. 3, ECF No. 8. To the extent Gibson asserts claims seeking injunctive or other non-monetary relief, the United States has not waived sovereign immunity under the FTCA for claims seeking such relief. In relevant part, the FTCA provides:

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). This provision deprives the Court of subject matter jurisdiction to entertain claims seeking relief other than money damages. *See Hatahley v. United States*, 351 U.S. 173, 182 (1956) (district court does not possess power under FTCA to enjoin United States); *see also Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) (district court lacked subject matter jurisdiction under the FTCA to provide injunctive or declaratory relief) (citing 28 U.S.C. § 1346(b)); *Talbert v. United States*, 932 F.2d 1064, 1065-66 (4th Cir. 1991) ("The only relief provided for in the [Federal Tort Claims] Act is 'money damages.' To the extent Talbert is seeking other relief,

we lack jurisdiction under the FTCA to accord it.") (citing *Birnbaum v. United States*, 588 F.2d 319, 335 (2d Cir. 1976)); *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974) ("The Federal Tort Claims Act makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief.").

Consequently, to the extent Gibson asserts claims against the United States seeking injunctive or other non-monetary relief, including an order directing the prescription of specific medication, this Court lacks subject matter jurisdiction over such claims. Therefore, such claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

       3.    <u>Plaintiff's claim seeking damages is barred by the physical injury exception to the FTCA's waiver of sovereign immunity.</u>

Finally, because Gibson neither alleges nor demonstrates he has sustained any physical injury as a result of the acts or omissions alleged in the amended complaint, his claim seeking damages is barred by the physical injury exception to the FTCA's waiver of sovereign immunity found at 28 U.S.C. § 1346(b)(2). That statute provides:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injuries suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18).

28 U.S.C. § 1346(b)(2). This provision is essentially identical to 42 U.S.C. § 1997e(e), which similarly limits recovery for mental or emotional injuries in inmate civil rights actions. *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined in a

jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)."

Gibson is a person convicted of a felony, for which he is serving a sentence of a 168 month term of imprisonment. Order, *Gibson v. Wilson*, 4:19-CV-381-O (N.D. Tex. May 8, 2019), ECF No. 4. His claims are for mental or emotional injury only and, nowhere in his amended complaint does he make a showing that he sustained any physical injury in connection with his claims. At most, in his Petition for Writ of Habeas Corpus in the earlier case, Gibson complained of an increase in nightmares and sleep disruption resulting from changes in medications to treat his mental health conditions. Pet. 7, *Gibson v. Wilson*, 4:19-CV-381-O (N.D. Tex. May 7, 2019), ECF No. 7). Such allegations, however, are insufficient to amount to a qualifying prerequisite physical injury. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (mental anguish, emotional distress, psychological harm, and insomnia do not constitute physical injury for purposes of the PLRA). Moreover, to the extent Gibson's claims may be construed as alleging these conditions constituted physical manifestations of worsening mental or emotional conditions related to medication changes, such claims are similarly insufficient to demonstrate the requisite physical injury. *See Sneed v. Hunt County Medical Dept.*, 3:05-CV-2032-R, 2006 WL 536604 at * 3 (N.D. Tex. Jan. 31, 2006), *R and R adopted*, No. 3:05-CV-2032-R (Feb. 23, 2006) (Failure to refill prescriptions for Klonopin, Benadryl, Bupropion (i.e., Wellbutrin) and Clonidine, allegedly resulting in

"discomfort to mental health, lack of sleep, [and] anxiety attack[s]" insufficient to establish physical injury under the PLRA); *see also Chatham v. Adcock*, 334 F. App'x. 281, 285 (11th Cir. 2009) (symptoms of anxiety, nightmares and hallucinations allegedly resulting from denial of previously-prescribed Xanax do not rise to the level of qualifying physical injury under 42 U.S.C. § 1997e(e)); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (language and purpose of section 1997e(e) "preclude reliance on the somatic manifestations of emotional distress" such as weight loss, appetite loss and insomnia).

A "necessary corollary" of the rule that the United States cannot be sued without the consent of Congress "is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Black*, 461 U.S. at 287. By enacting 28 U.S.C. § 1346(b)(2), Congress attached a "prior showing of physical injury" condition to prisoner FTCA claims asserting mental or emotional injury. Gibson's failure to allege facts making such a prior showing bars Plaintiff's claims seeking compensatory damages under the FTCA. Consequently, the Court lacks subject matter jurisdiction over such claims and these claims too must be dismissed under Fed. R. Civ. P. 12(b)(1).

    4. <u>Gibson's Response</u>

In response to the United States's jurisdictional defenses, Gibson argues that he will "drop the financial request in exchange for getting the medication court ordered [sic]." Suppl. Resp. 3, ECF No. 23. Gibson has not, and cannot, contest that both the plain language of the

FTCA and case law interpreting the statute establishes that the United States has not waived sovereign immunity under the FTCA for claims seeking injunctive or other non-monetary relief. *See Hatahley*, 351 U.S. at 182. Without a waiver of sovereign immunity, this Court lacks jurisdiction to order the United States to provide the specific medication Gibson seeks through this FTCA action.

Finally, it is uncontested that Gibson is a person convicted of a felony, for which he is serving a sentence of a 168-month term of imprisonment. Order, *Gibson v. Wilson*, 4:19-CV-381-O (N.D. Tex. May 8, 2019), ECF No. 4. His claims in this case are for mental or emotional injury only, as Gibson has not alleged, must less demonstrated, that he sustained any physical injury as a result of the acts or omissions alleged in the amended complaint. As noted above, Gibson's claim seeking monetary damages is barred by the physical injury exception to the FTCA's waiver of sovereign immunity found at 28 U.S.C. § 1346(b)(2).

Although Gibson does not contest the grounds for dismissal set forth in the motion to dismiss, he asserts anew that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Suppl. Resp. 2, ECF No. 23. Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But while section 1331 provides for general federal jurisdiction—it does not supply a cause of action or waive sovereign immunity. *See Shanbaum v. United States,* 32 F.3d 180, 182 (5th Cir. 1994) ("28 U.S.C. § 1331 is a general jurisdiction statute and does not provide a general waiver of sovereign immunity") (citation omitted); *Garcia*, 666 F. 2d at 966 ("28 U.S.C. § 1331 is not a waiver of sovereign immunity"). There

is no waiver of sovereign immunity that allows Gibson to dictate to BOP medical staff what medications they must administer to him.

As noted above, the burden of establishing federal jurisdiction rests on the party seeking to invoke it. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (other citation omitted)). Gibson has failed to meet his burden of demonstrating a waiver of sovereign immunity so as to establish this Court's subject matter jurisdiction over the remaining claims in this case.

### III.  CONCLUSION AND ORDER

For all of the above and foregoing reasons,

It is therefore **ORDERED** that defendant USA's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 15) is **GRANTED**, such that all plaintiff Andrew John Gibson's remaining claims against the USA are **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**SO ORDERED** on this **12th day** of **February, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE